IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 22 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-00543-ZLW

TIMOTHY JOHN KENNEDY,

        Plaintiff,

v.

WARDEN REID, C.C.F.
ASSOCIATE WARDEN FOSHEE, C.C.F.,
PROPERTY SGT. MORRIS, C.C.F.,
MS. LINDSEY, Case Manager II, C.C.F.,
OFFICERS UNKNOWN, Who Read, Organized, and Stole
    My Legal Papers on 8-22-03,
C. O. CORTEZ, C.S.P. Mail Room Supervisor,
ALL D.O.C. ADMINISTRATIVE STAFF, Responsible to Oversee and Correct
    This Type of Situation,

        Defendants.

---

ORDER DENYING SECOND MOTION TO RECONSIDER

---

This matter is before the Court on the second motion for reconsideration submitted *pro se* on February 3, 2006, by Plaintiff Timothy John Kennedy. Mr. Kennedy again asks the Court to set aside the order filed on July 1, 2005, which dismissed the instant action and entered judgment in favor of Defendants and against Plaintiff. The Court must construe the motion liberally because Mr. Kennedy is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

As Mr. Kennedy was told in the order, filed on January 20, 2006, denying his first motion to reconsider, a litigant subject to an adverse judgment, and who seeks

reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The Court's May 17, 2005, order and judgment dismissed the Prisoner Complaint and the action, and entered judgment in favor of Defendants and against Plaintiff. Plaintiff's motion was submitted on February 3, 2006, more than ten days after the final judgment. Therefore, the Court the motion properly is construed as a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant Prisoner Complaint and the action without prejudice for Plaintiff's failure within the time allowed to pay an initial partial filing fee of

2

Header: Case 1:05-cv-00543-ZLW Document 37 Filed 02/22/06 USDC Colorado Page 3 of 4

$48.00 or to show cause why he has no assets and no means by which to pay the designated initial partial filing fee. The Court's reasoning for the dismissal is discussed in detail in the order and judgment filed on July 1, 2005. Mr. Kennedy again fails to present any extraordinary circumstances that justify relief pursuant to Fed. R. Civ. P. 60(b). Upon consideration of the entire file, the Court finds and concludes that Mr. Kennedy fails to demonstrate some reason why the Court should reconsider and vacate the decision to dismiss the complaint. Therefore, the liberally construed motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b) will be denied. Accordingly, it is

ORDERED that the second motion for reconsideration submitted *pro se* on February 3, 2006, by Plaintiff Timothy John E. Kennedy, and which the Court has treated as a motion seeking relief from judgment pursuant to Fed. R. Civ. P. 60(b), is denied.

DATED at Denver, Colorado, this 22 day of February, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-00543-BNB

Timothy John Kennedy
Prisoner No. 94886
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 2/22/06

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk